IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KAREN WOOLBRIGHT                                                         PLAINTIFF

V.                          CASE NO. 3:14-cv-00251-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                  DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Karen Woolbright filed this appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence supports the Commissioner's decision.

### I.   PROCEDURAL HISTORY

Ms. Woolbright protectively filed her applications for DIB and SSI on January 10, 2012, alleging a disability onset date of May 19, 2008. (R. at 43.) She alleged complications from a degenerative disc disease, type II diabetes, arthritis, neuropathy, fibromyalgia, high blood pressure, and depression. (R. at 397.) The Social Security Administration denied Ms. Woolbright's claims at the initial and reconsideration levels. (R. at 43.) On July 24, 2013, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 160.) On September 5, 2013, the ALJ issued an unfavorable decision, denying Ms. Woolbright's claims. (R. at 40.) In the decision, the ALJ amended the alleged-onset date to May 6, 2011, because the Commissioner had already issued a final decision that Ms. Woolbright was not disabled as of

May 5, 2011. (R. at 43.) On October 14, 2014, the Appeals Council denied her request for review. (R. at 1.)

On October 23, 2014, Ms. Woolbright filed a complaint against the Commissioner, appealing the ALJ's denial of DIB and SSI. (Pl.'s Compl. 1, ECF No. 2.) On October 28, 2014, the district judge reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both parties have submitted briefs for the Court to consider. (Pl.'s Br., ECF No. 14; Def.'s Br., ECF No. 15.)

## II.   ADMINISTRATIVE PROCEEDINGS

Ms. Woolbright was forty-five years old at the time of the administrative hearing and had received her GED. (R. at 162.) She had past relevant work as a nurses' assistant and a cashier/checker. (R. at 58.) The ALJ applied the five-step sequential evaluation process to Ms. Woolbright's claims.[1] (R. at 45.)  The ALJ found that Ms. Woolbright satisfied the first step because she had not engaged in substantial gainful activity. (R. at 46.) At step two, the ALJ found that Ms. Woolbright suffered from the severe medical impairments of degenerative changes in the lumbar spine, type II diabetes mellitus (without complication or reports of lack of adequate medical control), neuropathy, joint pain and discomfort/arthritis, obesity, and depression. (R. at 46.) At step three, the ALJ found that Ms. Woolbright did not have an

---

[1]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 46.) Before proceeding to step four, the ALJ found that Ms. Woolbright had a residual functional capacity ("RFC") to perform sedentary work, with the following limitations:

> [t]he claimant would have the ability to lift-carry up to 10 pounds, with the ability to sit a total of six (6) hours in an eight-hour workday and the ability to stand and/or walk a total of two (2) hours in an eight-hour workday. The claimant could occasionally stoop, bend, crouch, kneel, crawl, and balance. After 45 minutes of sitting, the claimant would require an option to stand for no more than 10 minutes. Brief periods of alternate standing should occur within the immediate workplace and should not [interfere with] the required work processes. The claimant would be unable to tolerate excessive dust, smoke, fumes, or other pulmonary irritants. She would also be unable to operate a motor vehicle at night. Finally, the claimant would be limited to simple, routine, repetitive tasks with supervision that is simple, direct and concrete.

(R. at 47-48.) In making the RFC determination, the ALJ found that Ms. Woolbright was not credible regarding the persistence and limiting effects of her impairments' symptoms. (R. at 56.) The ALJ found at step four that Ms. Woolbright was not capable of performing her past relevant work. (R. at 58.) At step five, the ALJ determined that there were jobs available in significant numbers in the national and local economy that Ms. Woolbright could perform, such as a checker (table worker) or a mounter. (R. at 59.) Therefore, the ALJ found that Ms. Woolbright was not disabled. (R. at 59.)

## III.   STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.

*Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

**IV.   DISCUSSION**

Ms. Woolbright argues that the Commissioner's decision is not supported by substantial evidence. (Pl.'s Br.18, ECF No. 14.) Specifically, Ms. Woolbright alleges that the ALJ's RFC determination is not supported by substantial evidence because (1) the ALJ's credibility analysis was flawed, (2) the ALJ erred by relying on the opinion of Roger L. Troxel, M.D., and (3) the ALJ failed to account for Ms. Woolbright's extreme obesity. (*Id.* at 19-26.)

    A.   CREDIBILITY

4

Ms. Woolbright contends that substantial evidence does not support the ALJ's credibility analysis because the ALJ only discusses how Ms. Woolbright's subjective complaints were not supported by objective evidence. (*Id.* at 19-20.) The Commissioner responds that substantial evidence supports the ALJ's credibility determination. (Def.'s Br. 4-5, ECF No. 15.)

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication, and (5) functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). However, the ALJ is "not required to discuss each *Polaski* factor as long as 'he acknowledges and considers the factors before discounting a claimant's subjective complaints.'" *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for doing so. *Halverson*, 600 F.3d at 932.

Here, substantial evidence supports the ALJ's credibility determination. The ALJ properly acknowledged and considered each of the *Polaski* factors. (R. at 48.) While the ALJ did discuss how the objective evidence does not support Ms. Woolbright's subjective complaints, the ALJ also discussed each of the other *Polaski* factors, such as the claimant's

daily activities (R. at 49, 51), the duration, frequency, and intensity of the pain (R. at 54-56), the dosage, effectiveness and side effects of medication (R. at 49, 54, 56), and functional restrictions (R. at 53, 57). Thus, the ALJ properly analyzed Ms. Woolbright's credibility, and his decision is supported by substantial evidence.

    B.    DR. TROXEL'S OPINION

Ms. Woolbright argues that substantial evidence does not support the ALJ's decision to place significant weight on Dr. Troxel's opinion because (1) the work-related limitations he placed on Ms. Woolbright are inconsistent with his clinical findings and diagnoses, (2) the ALJ rejected his diagnosis of fibromyalgia, and (3) he is a consulting physician who only examined Ms. Woolbright once. (Pl.'s Br. 23-24, ECF No. 14.) The Commissioner argues that substantial evidence supports the ALJ's determination. (Def.'s Br. 7-8, ECF No. 15.)

Dr. Troxel conducted a physical examination of Ms. Woolbright on April 10, 2012. (R. at 611.) In the physical exam, Ms. Woolbright experienced normal range of motion in all extremities except her lumbar spine, where she only had sixty degrees of flexion. (R. at 615.) Ms. Woolbright also experienced muscle spasms in her thighs. (R. at 616.) Ms. Woolbright was able to hold a pen and write, touch fingertips to her palm, oppose her thumb to fingers, pick up a coin, stand/walk without assistive devices, and had normal grip. (R. at 616.) She was unable to walk on her toes or squat and arise from a squatting position. (R. at 616.) Dr. Troxel diagnosed Ms. Woolbright with a degenerative joint disease, osteoarthritis, diabetes mellitus type II, hypertension, fibromyalgia, and depression. (R. at 617.) He stated that Ms. Woolbright

has a mild decreased ability to lift and carry objects, and no significant decrease in her ability to walk, stand, sit, handle, finger, see, hear, or speak. (R. at 617.) The ALJ placed "significant evidentiary weight" to the conclusions of Dr. Troxel, although he did not find full support for his diagnosis of fibromyalgia. (R. at 57.)

Substantial evidence supports the ALJ's conclusions. Based on the findings above, it appears that Dr. Troxel's conclusions are supported by his findings. The ALJ may reject all or part of a medical opinion based on an analysis of the entire record. *Bentley v. Shalala*, 52 F.3d 784, 785 (8th Cir. 1995). The record in this case does not support a finding of Ms. Woolbright's fibromyalgia out side of Dr. Troxel's diagnosis. Therefore, substantial evidence supports the ALJ's decision to reject Dr. Troxel's diagnosis of fibromyalgia. Lastly, the ALJ is permitted to give significant weight to the opinions of one-time consultative doctors as long as their opinions are consistent with the entire record. *See Anderson v. Barnhart*, 344 F.3d 809, 813 (8th Cir. 2003) (affirming the ALJ's decision to give a one-time consultative doctor controlling weight over a treating physician). Other than his fibrobyalgia diagnosis, Dr. Troxel's findings and opinions are consistent with the record, so substantial evidence supports the ALJ's decision to place significant weight on his opinions.

C.   OBESITY

Ms. Woolbright argues that the ALJ erred by not factoring obesity into his RFC determination. (Pl.'s Br. 24-26, ECF No. 14.) She argues that the ALJ should have either asked the VE if her answers on the jobs that Ms. Woolbright could perform would change if an

7

individual weighs over 300 pounds or specify which limitations he placed on Ms. Woolbright to account for her obesity. (*Id.* at 26.) The Commissioner argues that the ALJ did not commit legal error in considering Ms. Woolbright's obesity. (Def.'s Br. 8-9, ECF No. 15.)

The ALJ found that Ms. Woolbright's obesity is a severe impairment. (R. at 46.) The ALJ considered all medically determinable physical impairments, and the extent that those impairments limit Ms. Woolbright's functioning. (R. at 48.) The ALJ specifically considered Ms. Woolbright's obesity in his RFC determination, stating that "in reaching a conclusion in this decision regarding the residual functional capacity, the [ALJ] has evaluated the effects of obesity under the guidelines of Social Security Ruling 02-1p." (R. at 58.)

The ALJ does not have to ask the VE about the claimant's obesity unless (1) the claimant had a history of obesity and (2) the claimant's treating physician states that the claimant's obesity was her most problematic impairment. *Burnett v. Colvin*, No. 3:14-cv-00012-JTK, 2014 WL 5795788, at *2 (E.D. Ark. Nov. 6, 2014) (declining to extend *Morrison v. Apfel*, 146 F.3d 625, 628-29 (8th Cir. 1998) (holding that the ALJ should have mentioned the claimant's obesity in the questions he posed to the VE when the claimant had a history of obesity and his treating physician named it as his "biggest problem" )). Here, Ms. Woolbright has a history of obesity, but the record does not support a claim that it is her most problematic impairment. Therefore, the ALJ did not commit legal error by omitting Ms. Woolbright's obesity from his hypothetical question to the VE.

## V.    CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error. Therefore, the final decision of the Commissioner is affirmed.

SO ORDERED this 14th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE